## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| TRAVIS ENGEBRETSON,<br><br>Plaintiff,<br><br>v.<br><br>RANDOLPH-BROOKS FEDERAL CREDIT UNION, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., and TRANS UNION, LLC.<br><br>Defendants. | **Civil Action No: 1:23-cv-01002**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Plaintiff TRAVIS ENGEBRETSON ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant RANDOLPH-BROOKS FEDERAL CREDIT UNION, ("RBFCU"), Defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC., ("Equifax"), and Defendant TRANS UNION, LLC. ("Transunion"), collectively referred to as ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15

U.S.C. § 1681(p).

3.        Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

4.        Under Fed. R. Civ. P. 20(a), joinder is proper where: (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

**Plaintiff Travis Engebretson**

5.        Plaintiff is a natural person residing in Williamson County, Texas.

6.        At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant RBFCU**

7.        Defendant RBFCU is a "person" as defined under 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. RBFCU is located at 10712 Burnet Rd, Austin, Texas 78758.

8.        At all times material hereto, RBFCU furnishes consumer reporting information to various "consumer reporting agencies" as defined by 15 U.S.C § 1681a(f) for the purpose of publishing "Consumer Reports" as defined by 15 U.S.C. § 1681a(d).

**Defendant Experian**

9.        Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon C.T. CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

10.        At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third

parties.

11.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Equifax**

12.    Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13.    At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

14.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Transunion**

15.    Defendant Transunion is a "consumer reporting agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is an Illinois company registered to do business in the state of Texas and may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16.    At all times material hereto, Transunion is a consumer reporting agency who regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to

third parties.

17.     At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

18.     On November 2, 2018, Plaintiff included the alleged account from RBFCU (the "Account" or "RBFCU account") in his Chapter 7 Bankruptcy petition filed in the United States Bankruptcy Court for the Western District of Texas.

19.     On February 10, 2019, Plaintiff's Chapter 7 Bankruptcy discharged all alleged debts notated in the Chapter 7 Bankruptcy petition, which included RBFCU account.

20.     On February 10, 2019, Defendant RBFCU was notified that the RBFCU account was included in Plaintiff's Chapter 7 Bankruptcy. See **Exhibit "A"**, a true and correct copy of the Certificate of Notice as to Plaintiff's Chapter 7 Bankruptcy.

21.     On April 7, 2023, Plaintiff noticed that the RBFCU account continued to incorrectly report a balance of $16,442 and was also incorrectly reported as "Charged Off" rather than "Discharged in Bankruptcy" on consumer reports published by Defendants Experian, Equifax, and Transunion.

22.     On or shortly after April 10, 2023, Defendants Experian, Equifax, and Transunion received disputes from Plaintiff concerning the RBFCU account where he disputed the inaccurate balance and "Charged Off" status.

23.     On April 19, 2023, Defendant Transunion sent a letter to Plaintiff concluding its reinvestigation in which Defendant Transunion wrongly verified the balance as $16,442 instead of zero and also erroneously verified the account status as "Charged Off" instead of "Discharged in Bankruptcy" on Plaintiff's Transunion consumer reports. See **Exhibit "B"**, a true and correct copy of Defendant Transunion's investigation results mailed to Plaintiff.

24.     However, Defendants Experian and Equifax never responded nor conducted an investigation or reinvestigation of Plaintiff's dispute dated April 10, 2023. Alternatively, if Experian or Equifax did conduct an investigation or reinvestigation, it was not reasonable, timely, and they did not notify Plaintiff of their findings and still continue to report false charged off status and a false being balance owed of $16,442 on Plaintiff's Experian and Equifax consumer reports.

25.     On April 23, 2023, Wells Fargo denied Plaintiff an auto loan because of the RBFCU account's charged off status and wrong balance of $16,442 on Plaintiff's consumer reports from Experian, Equifax and Transunion.

26.     Then on May 9, 2023, NIH Federal Credit Union denied Plaintiff a credit card because of the RBFCU account's charged off status and wrong reported balance of $16,442 on Plaintiff's Experian, Equifax, and Transunion consumer reports.

27.     To this date, Defendant RBFCU continues to furnish an inaccurate balance of $16,442 and "Charged Off" status regarding the account to consumer reporting agencies.

28.     To this day, Defendant Experian continues to publish an inaccurate balance and "Charged Off" status regarding Plaintiff's RBFCU account on Plaintiff's Experian consumer report. See **Exhibit "C"**, a true and correct copy of Plaintiff's July 5, 2023, Experian consumer report.

29.     To this day, Defendant Equifax continues to publish an inaccurate balance and "Charged Off" status regarding Plaintiff's RBFCU account on Plaintiff's Equifax consumer report. See **Exhibit "D"**, a true and correct copy of Plaintiff's July 5, 2023, Equifax consumer report.

30.     To this day, Defendant Transunion continues to publish an inaccurate balance and "Charged Off" status regarding Plaintiff's RBFCU account on Plaintiff's Equifax consumer report. See **Exhibit "E"**, a true and correct copy of Plaintiff's July 5, 2023, Transunion consumer report.

31.     For these reasons, Defendants RBFCU, Experian, Equifax, and Transunion have all violated the

FCRA, entitling Plaintiff to statutory damages, actual damages, punitive damages, reasonable attorneys' fees, and any other costs the Court finds just and proper.

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681s2-b as to Defendant RBFCU**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33.     This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq*.

34.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumer dispute the accuracy and completeness of information contained in a consumer report.

35.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

36.     The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

37.     Defendant RBFCU negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Experian, Equifax, and Trans union; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

38.     Specifically, Defendant RBFCU continued to report Plaintiff's account as "Charged Off" with a balance of $16,442 rather than "Discharged in Bankruptcy" with no balance.

39.     As a result of the conduct, action, and inaction of Defendant RBFCU, Plaintiff suffered

damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

40.     The conduct, action, and inaction of Defendant RBFCU was negligent, rendering RBFCU liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

41.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant RBFCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681s2-b as to Defendant RBFCU**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

43.     This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq*.

44.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumer dispute the accuracy and completeness of information contained in a consumer report.

45.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

46.     The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

47.     Defendant RBFCU willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's

disputes reported to Defendants Experian, Equifax, and Transunion; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

48.    Specifically, Defendant RBFCU continued to report Plaintiff's account as "Charged Off" with a balance of $16,442 rather than "Discharged in Bankruptcy" with no balance.

49.    As a result of the conduct, action, and inaction of Defendant RBFCU, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50.    The conduct, action, and inaction of Defendant RBFCU was negligent, rendering RBFCU liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

51.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant RBFCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## THIRD CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681e(b) as to Defendant Experian

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53.    This is an action for negligent violation of the FCRA U.S.C. § 1681 *et. seq*.

54.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

55.    Defendant Experian has negligently failed to comply with the FCRA. The failures of Experian to  comply with the FCRA include but are not necessarily limited to the following:

      a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

56.  As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

57.  The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

58.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## <u>FOURTH CAUSE OF ACTION</u>
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681e(b) as to Defendant Experian

59.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

60.    This is an action for willful violation of the FCRA U.S.C. § 1681 *et. seq.*

61.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

62.    Defendant Experian has willfully failed to comply with the FCRA. The failures of Experian to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

63.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

65.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

<u>**FIFTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Experian**

66.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

67.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

69.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

70.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

71.    The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to U.S.C. § 1681(n)

72.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

73.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Experian**

74.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

75.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

76.    Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable

reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

77.     Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

     a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

     b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

     c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

     d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

     e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

     f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

     g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

78.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

79.     The conduct, action and, inaction of Experian was willful, rendering Experian liable for

actual, statutory and punitive damages in an amount to be determined by the Court pursuant to U.S.C. § 1681(n)

80.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

81.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>SEVENTH CAUSE OF ACTION</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Equifax**

82.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83.    This is an action for negligent violation of the FCRA U.S.C. § 1681 *et. seq.*

84.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

85.    Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

86.  As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

87.  The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

88.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### EIGHTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Equifax**

89.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90.  This is an action for willful violation of the FCRA U.S.C. § 1681 *et. seq.*

91.  Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

92.  Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to

comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

93.     As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

94.     The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

95.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**NINTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Equifax**

96.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

97.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

98.     Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

99.     Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

   g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

100. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

101. The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to U.S.C. § 1681(n)

102. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

103. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

<u>**TENTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Equifax**

104. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

105. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

106. Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

107. Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

108.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to U.S.C. § 1681(n)

110.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

111.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## ELEVENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681e(b) as to Defendant Transunion

112.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

113.    This is an action for negligent violation of the FCRA U.S.C. § 1681 *et. seq.*

114.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

115.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to  comply with the FCRA include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

116.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

117.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

118.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### TWELFTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Transunion**

119.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

120.    This is an action for willful violation of the FCRA U.S.C. § 1681 *et. seq*.

121.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

122.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to  comply with the FCRA include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

123.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

124.    The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

125.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

### THIRTEENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Transunion**

126.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

127.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

128.    Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable

reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

129.    Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the
information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a
reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information
after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had
notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff
after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of
the  information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not
be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to
believe was inaccurate before including it in the credit report of the consumer.

130.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

131.    The conduct, action and inaction of Transunion was negligent, rendering Transunion liable

for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to

U.S.C. § 1681(n)

132.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

133.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion,

for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTEENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Transunion**

134.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully state herein with the same force and effect as if the same were set forth at length herein.

135.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

136.    Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable

reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual

notice of such inaccuracies and conducting reinvestigations.

137.    Transunion has willfully failed to comply with the FCRA. The failure of Transunion to

comply with the FCRA include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy

       of the information reported;

    b. The failure to correct erroneous personal information regarding Plaintiff after a

       reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information

       after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Transunion had

       notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

138.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

139.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a the Court pursuant to U.S.C. § 1681(n)

140.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

141.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

142.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants as follows:

1.    Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a)

from each Defendant as to Defendant RBFCU, Defendant Experian, Defendant Equifax, and Defendant Transunion;

2.      Awarding Plaintiff Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant as to Defendant RBFCU, Defendant Experian, Defendant Equifax, and Defendant Transunion;

3.      For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant as to Defendant RBFCU, Defendant Experian, Defendant Equifax, and Defendant Transunion;

4.      Awarding Plaintiff for attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5.      Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.


  DATED: August 24, 2023                        Respectfully Submitted,


                                                **JAFFER & ASSOCIATES PLLC**

                                                */s/ Shawn Jaffer*
                                                **Shawn Jaffer**
                                                State Bar No. 24107817
                                                **Allen Robertson**
                                                State Bar No. 24076655
                                                **Robert Leach**
                                                State Bar No. 24103582
                                                5757 Alpha Road
                                                Suite 580
                                                Dallas, Texas, 75240
                                                Phone: (214) 945-0000
                                                Fax:    (888) 509- 3910
                                                E-mail: attorneys@jaffer.law
                                                *Attorneys for Plaintiff*