IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS ENGEBRETSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-1002-RP |
| RANDOLPH-BROOKS FEDERAL CREDIT UNION, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Randolph-Brooks Federal Credit Union's ("RBFCU") Motion to Compel Arbitration and to Stay Pending Arbitration, (Dkt. 44), along with Plaintiff Travis Engebretson's ("Engebretson") response in opposition, (Dkt. 48). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion to compel arbitration should be granted.

**I. BACKGROUND**

Engebretson filed his complaint in the instant action on August 24, 2023. (Compl., Dkt. 1). Engebretson alleges that RBFCU both negligently and willfully violated the Fair Credit Reporting Act by publishing inaccurate credit information concerning Engebretson. (*Id.* at 6–8). Engebretson served RBFCU on September 5, 2023. (Dkt. 9, at 3). RBFCU filed an answer on September 26, 2023. (Answer, Dkt. 10). The parties also filed a proposed scheduling order on December 18, 2023. (PSO, Dkt. 22). On January 29, 2024, the Court entered a scheduling order for this action, with dispositive motions due December 2, 2024 and a jury trial set for April 7, 2025. (Scheduling Order, Dkt. 29). On March 29, 2024, RBFCU filed a motion to quash Engebretson's request for corporate designee deposition dates. (Mot. Quash, Dkt. 36). Then, on April 11, 2024, RBFCU filed the instant

1

motion to compel this case to arbitration. (Mot. Compel, Dkt. 44). After filing its motion to compel, RBFCU also filed a motion to stay discovery pending the resolution of the motion to compel, (Dkt. 45), and another motion to quash deposition dates, (Dkt. 46). As the Court will grant RBFCU's motion to compel arbitration, it is not necessary to analyze RBFCU's other pending motions.

## II. LEGAL STANDARD AND DISCUSSION

The Federal Arbitration Act permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

### A. Contract Formation and Delegation Clause

The analysis changes "where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim." *Id.* When there is a purported delegation clause, a court "performs the first step—an analysis of contract formation—as it always does. But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id.* at 202. "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Id.* RBFCU's arbitration agreement contains a delegation clause because it incorporates the American Arbitration Association's ("AAA") Consumer Arbitration Rules, (*see* Membership and Account Agreement, Ex. A, Dkt. 44, at 24), which provide that:

> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence,

> scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

R-14 Jurisdiction, AAA Consumer Arbitration Rules (Sept. 1, 2014), https://www.adr.org/sites/default/files/Consumer-Rules-Web_0.pdf. The express adoption of these rules, if in fact the parties formed a contract, "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016) (finding unmistakable evidence of intent to arbitrate arbitrability where the parties' agreement adopted the Judicial Arbitration and Mediation Services, Inc. Rules). Because the Court finds that Engebretson and RBFCU formed a contract with a delegation clause, it proceeds in its analysis with a presumption that the motion to compel should most likely be granted.

### B. Waiver

Engebretson does not argue that he did not form a contract with RBFCU or that there is not a valid delegation clause. Rather, Engebretson contends that: (1) RBFCU has waived its right to compel arbitration by substantially engaging in litigation activities; and (2) Engebretson will suffer severe prejudice and hardship if arbitration is compelled. (Resp., Dkt. 48). "Although waiver of arbitration is a disfavored finding," the Fifth Circuit recognizes that "the right to arbitrate—like all contract rights—is subject to waiver." *Forby v. One Techs., L.P.*, 909 F.3d 780, 783 (5th Cir. 2018). However, "a party claiming that another party waived the contractual right to arbitrate bears a heavy burden to establish the claim. 'There is a strong presumption against' a finding that a party waived its contractual right to arbitrate, and 'any doubts thereabout must be resolved in favor of arbitration.'" *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002) (quoting *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 911 (5th Cir. 2001)). Whether a party has waived its right to arbitration through litigation conduct is a question for the Court to

decide. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 264 (5th Cir. 2021).

"A party waives its right to arbitrate if it . . . 'substantially invokes the judicial process.'" *Forby*, 909 F.3d at 783 (quoting *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421 (5th Cir. 2014)) (cleaned up). Additionally, "[t]he question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) (citing *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576 (5th Cir. 1991)). The Fifth Circuit has previously held that there are two factors to consider when deciding if the right to arbitration has been waived: (1) whether the party has substantially invoked the judicial process; and (2) whether the party causes detriment or prejudice to the other party in having substantially invoked the judicial process before moving for arbitration. *See Forby*, 909 F.3d at 783. However, in 2022, the Supreme Court of the United States held that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). The Fifth Circuit has since remanded an arbitration-waiver case for further consideration in light of *Morgan*, *see Barnett v. Am. Express Nat'l Bank*, 37 F.4th 1100 (5th Cir. 2022), but it has not elaborated on the current test for waiver. *See Seifert v. United Built Homes, LLC*, 684 F. Supp. 3d 555, 568 (N.D. Tex. 2023); *see also Vollmering v. Assaggio Honolulu, LLC*, No. 2:22-CV-00002, 2022 WL 6246881, at *12 (S.D. Tex. Sept. 17, 2022), *rec. adopted*, No. 2:22-CV-00002, 2022 WL 6250679 (S.D. Tex. Oct. 6, 2022) (explaining at length the Supreme Court's holding in *Morgan*). The Court agrees with other district courts in this circuit that the "surviving test for waiver in this circuit is the remainder of the Fifth Circuit's prior test: whether the party has substantially invoked the judicial process." *Vollmering*, 2022 WL 6246881, at *12. Accordingly, the Court will proceed to analyze whether RBFCU has substantially invoked the judicial process.

"To invoke the judicial process, a party 'must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Forby*, 909 F.3d at 784 (quoting *In Re Mirant*, 613 F.3d 584, 589 (5th Cir. 2010)). Engebretson argues that RBFCU has substantially invoked the judicial process by waiting more than seven months after the complaint was served to file its motion to compel arbitration, by participating in a Joint Rule 26(f) Discovery Report/Case management plan, by exchanging discovery requests and responses, and by scheduling a deposition. (Resp., Dkt. 48, at 2). Engebretson also represents that RBFCU has served Engebretson with a 12(b)(6) motion to dismiss, (*id.*), but the Court is unaware of such as motion, as there are currently no pending motions to dismiss on the docket, and RBFCU previously answered the complaint, (Dkt. 10). The Court finds that RBFCU's delay in seeking to compel arbitration and participation in discovery in the meantime is not enough to constitute a waiver of its right to compel arbitration. *See Rojas v. Ross Dress for Less, Inc.*, No. 1:19-CV-812-RP, 2020 WL 13442036, at *2 (W.D. Tex. Dec. 8, 2020) (finding no waiver where defendants waited nearly a year to move to compel arbitration); *see also Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576–78 (5th Cir. 1991) (declining to find waiver where, over the course of 13 months, defendant removed case, served discovery, and participated in pretrial conference before moving to compel arbitration).

Engebretson cites to two Fifth Circuit opinions to argue that the facts of this case show that RBFCU waived its right to arbitration. First, Engebretson cites to *Republic Ins. Co. v. PAICO Receivables LLC*, 383 F.3d 341 (5th Cir. 2004). (Resp, Dkt. 48, at 2). The facts of *Republic Insurance Company* are easily distinguishable from the facts at hand. In *Republic Insurance Company*, the Fifth Circuit found waiver where the parties "conducted full-fledged discovery, and [the party seeking arbitration] actively participated in this process" and "filed two separate motions to compel discovery" and parties conducted four depositions and filed cross motions for summary judgment.

5

383 F.3d at 343. Here, RBFCU has exchanged written discovery requests and answers and filed two motions to quash deposition notices, one of which requests quashing a deposition so that the Court can first rule on RBFCU's motion to compel arbitration. (*See* Mots. Quash, Dkts. 36, 46). RBFCU's conduct thus far has not reached the level of the moving party in *Republic Insurance Company*. Engebretson also cites to *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156 (5th Cir. 1986). In *Price*, the Fifth Circuit held that a district court's finding that a party had waived its right to arbitration by waiting to move to compel arbitration until after it had filed a motion to dismiss and a motion for summary judgment was not clearly erroneous. *Id.* at 1160–61. First, the Court notes that the facts of *Price* differ greatly from the facts in the instant action. Here, there have been no dispositive motions filed on the docket, and the pre-trial dispositive motions deadline is not until December 2, 2024. RBFCU has taken very little action to invoke the judicial process and none of its actions have indicated an intent to litigate rather than arbitrate the claims. Second, the Court notes that the Fifth Circuit's discussion in *Price* primarily focuses on the prejudice toward the non-moving party, who had already spent significant time and resources briefing dispositive motions when the motion to compel arbitration was filed. As the Court explained above, the Supreme Court has since held that prejudice is not a proper factor in the analysis of whether arbitration has been waived. *See Morgan*, 596 U.S. at 419. Engebretson does not cite to any cases where courts have found similar levels of discovery and delay to constitute a waiver of the right to arbitrate, and the Court is not aware of any such precedent. Accordingly, because Engebretson has not shown that RBFCU substantially invoked the judicial process, the Court will grant the motion to compel arbitration.

### C. Stay

RBFCU asks the Court to stay this action pending arbitration. (Mot. Compel, Dkt. 44, at 4). The Federal Arbitration Act provides that a federal court should stay a civil action upon finding that an issue is referable to arbitration. 9 U.S.C. § 3. When all of the issues in an action must be

submitted to arbitration, a court may (not must) dismiss the action. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Apache Bohai Corp. v. Texaco China*, 330 F.3d 307, 311 & n.9 (5th Cir. 2003) (finding that the decision of the district court to stay the case pending arbitration was not an abuse of discretion). The Court finds that a stay pending arbitration is appropriate.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Randolph-Brooks Federal Credit Union's Motion to Compel Arbitration and Stay Pending Arbitration, (Dkt. 44), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending arbitration.

**IT IS FINALLY ORDERED** that the parties shall file a joint status report detailing the status of the arbitration proceedings on **August 22, 2024**, and every **90 days** thereafter.

**SIGNED** on May 21, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE